UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-CR-0057 |
| | ) | |
| v. | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| ANGELO L. SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Angelo L. Scott appears by counsel and submits the following Sentencing Memorandum:

### WITNESSES

Defendant does not anticipate calling any witnesses at sentencing.

### EXHIBITS

Defendant does not anticipate offering any exhibits at sentencing.

### SENTENCING ISSUES

The Court must decide the drug weight attributed to Defendant as well as whether he is subject to mandatory life imprisonment under 21 U.S.C. §§ 841(b)(1)(A) and 851.

I. <u>Drug weight; 1:1 Crack to Powder Cocaine Ratio; Motion for Downward Variance</u>.

Defendant objects to the drug weight attributed to Defendant. Other than the drugs that were tested and introduced at trial, none of the alleged controlled substances attributed to Defendant were tested to determine whether the drugs were, in fact, crack cocaine.

In any event, since preparation of the draft PSIR on March 24, 2009, a significant change regarding the crack to powder cocaine ratio has been recommended by the United States Department of Justice. Defendant is alleged to have conspired to distribute "at least 50 grams" of cocaine base, commonly called 'crack cocaine', a Schedule II controlled substance. In the

final PSIR, the United States Probation Office suggests that the Defendant be responsible for 406.35 grams of cocaine base. PSIR ¶ 24-25. Defendant objected to this quantity.

Under the current United States Sentencing Guidelines, the base offense level for 406.35 grams of crack cocaine is 32. However, on May 1, 2009, the United States Attorney's Office for the Northern District of Iowa communicated to the Courts and the practicing federal bar that it would no longer advocate a powder to crack ratio that, depending on the guideline offense level, can be as great as 100:1. Counsel was informed that this policy change emanates from the Department of Justice. Presumably, the same policy should control in the Southern District of Iowa.

One Iowa federal decision has adopted a 1:1 powder to cocaine base ratio. See United States v. Gully, --- F.Supp.2d ----, 2009 WL 1370898 (N.D. Iowa 2009) (Bennett, Judge).

.The defense hopes the Government will join in this request to eliminate the crack/powder disparity. Thus, the Defendant respectfully moves this Honorable Court to grant a downward sentencing variance, in that the Defendant's crack cocaine base offense level would become the powder cocaine offense level.

If the crack/powder disparity is eliminated in the instant case, the new base offense level for the Defendant's current drug quantity – 406.35 grams of crack cocaine – would be a level 24 (assuming the Court adopts the PSIR's quantity recommendations).

The Defendant's U.S.S.G. levels would be as follows: a base offense level of 24, 0 adjustment for role in the offense, for the total offense level 24[1]. Assuming a Criminal History Category V, level 24, the Defendant's sentencing range is 100-125 months.

---

[1] This is assuming the Court accepts Probation's recommendations. If a lesser quantity is used, the base offense and total offense levels would be less.

II.     <u>Defendant is not subject to mandatory life imprisonment.</u>

Probation mistakenly claims that the Defendant is subject to a mandatory life imprisonment under 21 U.S.C. §§ 841(b)(1)(A) and 851.  PSIR ¶ 82.

To be subject to a mandatory life sentence under 21 U.S.C. § 841(b)(1)(A), Defendant must have "two or more prior convictions for a felony drug offense."  The government has the burden of proof beyond a reasonable doubt on any issue of fact.  21 U.S.C. § 851(c).

According to the government's § 851 enhancement notice, the two predicate felony drug offenses are 1) an April 24, 1998[2] conviction for possession of controlled substance (heroin) (Dkt. #97CR2268201) and 2) and a June 22, 1998 conviction for possession of controlled substance (crack) (Dkt. #98CR1136801).  These are listed at paragraphs 41 and 43 of the final PSIR.  The Defendant objected to these convictions.

<u>Alleged Predicate Felony Drug Offense #1 (PSIR ¶ 41)</u>

This conviction stems from a February 28, 1997 arrest in Cook County, Illinois. Defendant would have been 16 years old at that time.  The defendant is listed as "Angelo Payne."  Probation and the government claim that they obtained fingerprint evidence establishing that Defendant is the same person arrested and sentenced for this offense.  Assuming that Angelo Payne is the Defendant, the crime occurred while Defendant was a juvenile and thus should not be used to enhance the current sentence.

<u>Alleged Predicate Felony Drug Offense #2 (PSIR ¶ 43)</u>

This conviction is from a March 17, 1998 arrest in Cook County, Illinois. Defendant would have been 17 years old at that time.  The defendant is listed as "Brandon McIntyre."  There is no direct evidence, such as fingerprints, establishing beyond a reasonable

---

[2] Mistakenly listed as <u>March</u> 24, 1998 in the government's § 851 enhancement notice (CR 15).

doubt that Defendant is Brandon McIntyre. Rather, Probation and the government suppose that since a Clerk's docket entry references that Offense #1 and Offense #2 were ordered to run concurrently, they must be the same individual. What this does not rule out beyond reasonable doubt is that a typographical error was made and that Brandon McIntyre is therefore not Angelo Scott. Typographical errors are not uncommon. The government made one in its sentencing enhancement notice in this case. See footnote No. 2, above. Even assuming that Brandon McIntyre is the Defendant, the offense occurred while Defendant was a juvenile and thus should not be used to enhance the current sentence.

Defendant further urges that a sentence of life imprisonment is grossly disproportionate to the conduct for which he was found guilty here and thus is in violation of the Eighth Amendment's ban on cruel and unusual punishment. Also, under the circumstances of this case, particularly the use of convictions for conduct committed as a juvenile, such a sentence is cruel and unusual under the Eighth Amendment and contravenes modern standards of decency. On the first argument, there is authority contra. See United States v. Whiting, 528 F.3d 595 (8th Cir. 2008). As to the second issue, in somewhat analogous situation, the U.S. Supreme Court has held that execution of adults who were under 18 years of age at the time of their capital crimes is prohibited by the Eighth Amendment. See Roper v. Simmons, 543 U.S. 551 (2005).

Defendant should not be subjected to an enhancement of mandatory life imprisonment based on this evidence.

III.   Other issues.

Defendant believes that the Court overlooked controlling precedent when it denied his pre-trial motion based on selective prosecution. (CR 46, 48 and 71). Defendant wishes to draw the Court's attention to United States v. Armstrong, 517 U.S. 456 (1996) in

5

which the Supreme Court sets forth the standard for evaluating claims of selective prosecution. Defendant believes that he has made a sufficient showing for discovery on his claim for all of the reasons set forth in the earlier motion to dismiss and brief. Defendant requests that Court reconsider its prior Order and grant the requested relief.

                                  Respectfully submitted,

                                  */s/ David E. Mullin*
                                  David E. Mullin
                                  MULLIN & LAVERTY, LC
                                  1636 42nd Street NE
                                  Cedar Rapids, Iowa 52402
                                  Phone:  (319) 395-9191
                                  Fax:     (319) 395-9192
                                  E-mail:  dmullin@mullinlaverty.com

                                  ATTORNEYS FOR DEFENDANT
                                  ANGELO L. SCOTT

CERTIFICATE OF SERVICE
The undersigned certifies that a copy of this document was served on June 24, 2009 on each of the parties or their attorneys at their addresses of record by:

■ U.S. Mail/ECF  □ Fax  □ Hand-Delivery

      */s/ David E. Mullin*

cc:    Angelo L. Scott
        AUSA Melisa Zaehringer
        USPO Katie Tisinger