IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs,<br><br>ANGELO LAVELL SCOTT,<br><br>  Defendant. | No. 3:08cr0057-01-JAJ<br><br><br><br>**ORDER** |

 This matter comes before the court pursuant to defendant's January 30, 2020 Motion to Reduce Sentence Pursuant to the First Step Act. [Dkt. 162]  The government has responded to the motion. [Dkt. 164]  The motion is granted in part.

 The grand jury for the Southern District of Iowa returned a one count indictment in this matter on June 10, 2008 charging the defendant with conspiring to distribute at least fifty grams of crack cocaine between the summer of 2006 and April 20, 2007. [Dkt. 2]  On July 17, 2008, the government filed a notice pursuant to 28 U.S.C. § 851 notifying the defendant that his mandatory minimum sentence of incarceration would be enhanced by reason of two prior felony drug convictions. [Dkt. 15]  The case proceeded to trial at which the jury returned a verdict finding the defendant guilty on February 4, 2009 and finding beyond a reasonable doubt that the defendant was responsible for in excess of fifty grams of crack cocaine. [Dkt. 95] The finding of responsibility for more than fifty grams of crack cocaine, together with two prior felony drug convictions, resulted in a mandatory minimum sentence of life imprisonment on June 26, 2009.  [Dkt. 131]

 Pursuant to the First Step Act of 2018, the defendant is entitled to retroactive application of the Fair Sentencing Act of 2010 because he was sentenced prior to the enactment of the Fair Sentencing Act.  The jury's finding, beyond a reasonable doubt, of responsibility for more than fifty grams of crack cocaine is insufficient to trigger the mandatory life sentence in light of the retroactive application of the Fair Sentencing Act.

Both the government and the defendant agree that if the defendant were sentenced today, he would have a total offense level of 34 and a criminal history category of IV. This would suggest a range of imprisonment between 262 and 327 months. However, the court made it clear at the time of the defendant's sentencing that all of his sentencing arguments and requests for mitigation were moot by reason of his mandatory life sentence. The court concludes that the defendant is entitled to resentencing.

The defendant is entitled to be returned to this district for resentencing. However, many defendants do not want to be brought back under these circumstances due to the amount of time they spend in transportation, to and from this district. It is not uncommon for it to take more than thirty days each way. This often interferes with valuable programming at the Bureau of Prisons and, on occasion, has resulted in adverse consequences to the prisoner resulting from the loss of seniority or continuity in programming. The court desires to know whether the defendant wishes to be present in person or present telephonically for the resentencing.

Upon the foregoing,

**IT IS ORDERED** that the defendant's January 30, 2020 Motion to Reduce Sentence Pursuant to the First Step Act [Dkt. 162] is granted to the extent that the defendant is entitled to be resentenced. Counsel for the defendant shall inform the court on or before **March 18, 2020** as to whether the defendant desires to appear in person or by telephone. The court will then set an appropriate date for resentencing.

**DATED** this 4th day of March, 2020.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA